## Demeree L. BRADFORD

v.

## NOBLE DRILLING CO. et al

Civ. A. No. 80–1781.

United States District Court,
E. D. Louisiana.

Dec. 29, 1980.

Thomas Gennusa, II and James J. Kokemor, New Orleans, La., for plaintiff.

Richard S. Vale, Metairie, La., for Employers Insurance Company of Wasau.

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the motion of intervenor, Employers Insurance of Wasau, to dismiss the cross-claim of plaintiff, Demeree Bradford. Following oral argument on December 17, 1980, the

matter was submitted for further review by the Court. Now, after careful consideration of the memoranda and oral argument of counsel, the record, and the applicable law, and for the reasons hereinafter set out, the Court is of the opinion that the motion should be and it is hereby GRANTED.

Plaintiff allegedly suffered personal injury while employed by B & R Fabricators on a fixed platform located on the Outer Continental Shelf off the coast of the state of Louisiana. He filed this lawsuit against the alleged owners of the platform and the insurer of one of them. Employers of Wausau (hereinafter Employers), the compensation insurer of plaintiff's employer, intervened in these proceedings for recovery of compensation benefits paid to plaintiff pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. Plaintiff answered denying Employers' right to intervene and cross-claimed against intervenor for penalties and attorneys fees resulting from arbitrary and capricious failure to pay an insurance claim pursuant to Louisiana law, LRS 22:658.

Mover takes the position that plaintiff's exclusive remedy as against it is the Longshoremen's and Harbor Workers' Act and urges dismissal of the cross-claim. Plaintiff, of course, takes issue with such assertion.

It appears undisputed that the accident forming the basis of plaintiff's suit herein and the basis of any compensation benefits paid to him by intervenor occurred off the coast of Louisiana on a fixed platform on the Outer Continental Shelf. Accordingly, as between plaintiff and his employer, compensation is payable pursuant to the Longshoremen's and Harbor Workers' Act. 43 U.S.C. § 1333(b). Plaintiff cross-claims alleging that initially Employers refused to pay plaintiff compensation benefits in accord with the federal compensation act and tendered only lesser benefits pursuant to the Louisiana Workman's Compensation Act, LRS 23:1021 et seq. It was not until plaintiff retained counsel that he was able to obtain compensation benefits pursuant to the proper act. Plaintiff claims that as the result of such action on the part of Employers he is entitled to recover penalties and attorney's fees as provided by LRS 22:658 which provides:

All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 19 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees.

Plaintiff contends that he is able to maintain an action pursuant to § 658 by virtue of 43 U.S.C. § 1333(a)(2)(A) which provides in pertinent part:

To the extent that they are applicable and not inconsistent with this subchapter or with other Federal laws and regulations of the Secretary now in effect or hereafter adopted, amended, or repealed are declared to be the law of the United States for that portion of the subsoil and

seabed of the Outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the Outer Continental Shelf. . . .

We disagree.

In our opinion LRS 22:658 is neither applicable nor consistent with controlling federal law in this instance. Plaintiff is specifically covered by the Longshoremen's and Harbor Workers' Compensation Act by virtue of 43 U.S.C. § 1333(b). That Act, at 33 U.S.C. § 905(a), provides that it is the exclusive means of liability as between covered employer and employee. The Act further provides, at 33 U.S.C. § 928, a means for recovery of attorney's fees in the event that compensation is not paid by the employer or its insurance carrier. In the Court's opinion this applicable provision of the applicable compensation act provides the exclusive means of recourse against the employer's carrier in the event that payment is not made.

Plaintiff takes the position that since there is no penalty in addition to the award of attorney's fees provided by 33 U.S.C. § 928, the penalty provisions of LRS 22:658 are therefore applicable. However, plaintiff's entitlement to penalties pursuant to § 658 would depend upon the fact that he was an insured. Plaintiff in this case is only an insured under § 658 if he is deemed to be an "employee under Chapter 10 of Title 23 of the Revised Statutes of 1950." Admittedly he is not and this fact forms the basis of his claim for inadequate payment of benefits by Employers. In the opinion of the Court plaintiff is restricted in his action against his employer or its compensation carrier to the provisions of either the state or the federal compensation act. In this case the federal act is applicable and we feel that plaintiff must seek recourse for failure to pay in accord with that statute and no other. While plaintiff may feel that penalties should be available, such recovery is not provided by the law applicable to him.

Revision of the benefits provided in the case of a failure to pay compensation is properly the subject of legislation and not adjudication by this Court.